Dear Judge Traylor:
You have asked for an opinion of this office regarding the interpretation of La. R.S. 13:1875(9)(b) as it affects the compensation of the Judge of the City Court of West Monroe. Your question is generally who is entitled to the excess court costs accumulated in this account. The term excess costs meaning those fees earned but not paid to the judge because his annual compensation from all sources has reached the maximum allowed by R.S. 13:1874.1. The statutes in question read in pertinent part, as follows:
La. R.S. 13:1874.1 Compensation of city court judges; maximum
 A. The salary of a judge of a city court shall in no case exceed the salary of a district judge of the judicial district in which the city court is located.
B. . . .
 C. The term "salary" as used in this Section means the total annual compensation paid directly or indirectly from all sources for services as a judge.
La. R.S. 13:1875 (9)
 (a) The judge of the city court of West Monroe shall receive a minimum salary of . . .
 (b) In addition, he shall receive in civil cases the same fees as clerks of the district courts.
 (c) He shall receive no fees in criminal matters including peace bond cases.
(d) . . .
The question in essence is, what is the disposition of these (9)(b) funds if the judge of the city court of West Monroe is already receiving all of the compensation allowed by R.S. 13:1874.1. The specific questions you ask are as follows:
 1. If the judge is entitled to these funds as compensation for services, when can he receive payment?
Under the scenario you present, the judge would never be entitled to these funds. If the judge has reached the maximum compensation allowed by R.S. 13:1874.1 he can receive no more compensation because of the prohibition contained in section C thereof, which defines "salary" as total annual compensation paid directly or indirectly from all sources. In the event that the judges compensation does not exceed the limit set by13:1874.1, then he may receive additional compensation out of the 9b funds until that limit is met.
 2. If these excess funds accrue to the benefit of the court and not to the judge, what type of expenditures can be made from these funds, i.e., can they be retained by the court and used to pay expenditures for the operation of the court?
It is our opinion that these funds may be used for the reasonable and necessary expenses for operation of the judge's office. The types of expenditure listed in your request, namely, charges relating to the operation of the judges office, payment for Judge Ad-hoc services and law clerk payments, travel expenses for the judge to attend judicial training. While it may be argued that this is indirect additional compensation prohibited by R.S. 1874.1 we find that there are necessary expenses of the Judge's office. We find that the funds should not be used for salary supplements to the full-time clerk and deputy clerk as those expenses are covered by La. R.S. 13:2089.1, 13:1888 and other acts.
 3. If they do not accrue to the benefit of the judge nor the court, who is entitled to these funds? Should they be remitted to the City of West Monroe to help offset the costs incurred by the city in operating the court?
We find no provision requiring that the excess funds be remitted to the City and are of the opinion that they belong to the court for its operation and to the judge if the compensation levels of R.S. 13:1874.1 are not met.
You further ask if the court's "Advance Cost Deposit Account" should be put at interest and if those proceeds could be used to fund auditing costs.
In our opinion, the placing of these funds at interest is an acceptable practice that will result in economies benefiting the court system and ultimately the taxpayers. The proceeds may be used to fund auditing costs, and other reasonable and necessary expenses of the operation of the court.
Trusting the above is helpful to your inquiry, we remain,
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR:rjh-0422e